STADTMUELLER

STEPHEN C. DRIES
U.S. MAGISTRATE JUDGE

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**
**MILWAUKEE DIVISION**

U.S. DISTRICT COURT
EASTERN DISTRICT - WI
FILED

2026 SEP 24 P 2:05

CLERK OF COURT

IRENN H. JOHNSON,
Plaintiff,
v.
PROGRESSIVE CASUALTY INSURANCE COMPANY,
ARTISAN AND TRUCKERS CASUALTY COMPANY,
and RAYMOND DEAN ROBERT,
Defendants.

**Case No.: 2:26-cv-________** 26-C 1748
**CIVIL ACTION — JURY TRIAL DEMANDED**

## COMPLAINT FOR DAMAGES

Plaintiff IRENN H. JOHNSON, proceeding pro se, brings this original civil action against Defendants PROGRESSIVE CASUALTY INSURANCE COMPANY, ARTISAN AND TRUCKERS CASUALTY COMPANY, and RAYMOND DEAN ROBERT, and alleges as follows:

## I. PARTIES

1. Plaintiff Irenn H. Johnson is an adult African-American male citizen of the United States, residing at 1000 Grove Avenue, Racine, Wisconsin 53405. Plaintiff is a 8-year Honorable Veteran of the United States Armed Forces, an independent contractor, and the lawful owner and operator of a 2022 RAM 1500 motor vehicle.

2. Defendant Progressive Casualty Insurance Company ("Progressive") is a foreign insurance corporation organized under the laws of the State of Ohio, with its principal corporate office located at 6300 Wilson Mills Road, Mayfield Village, Ohio 44143, licensed to conduct and actively transacting liability and casualty insurance business in the State of Wisconsin.

3. Defendant Artisan and Truckers Casualty Company ("Artisan") is an underwriting subsidiary and affiliate owned, operated, and controlled by Defendant Progressive, transacting casualty and automobile liability insurance business within the State of Wisconsin.

4. Defendant Raymond Dean Robert is an adult individual resident of the State of Wisconsin, residing in Racine County, Wisconsin, and was at all relevant times the insured tortfeasor operating a motor vehicle covered under an active automobile liability policy issued and administered by Defendants Progressive and Artisan (Claim No. 26-471-500-732).

## II. JURISDICTION AND VENUE

5. Federal Question Jurisdiction: This Court has original subject-matter jurisdiction over Plaintiff's federal civil rights claims pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1981, as this action arises under federal law securing to all persons the equal right to make, enforce, perform, and enjoy the benefits of contracts free from racial discrimination.

6. Supplemental Jurisdiction: This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), because the state law claims derive from a common nucleus of operative fact arising from the motor vehicle collision of January 29, 2026, the resultant loss of vehicle use, and the subsequent contract negotiations, settlement agreements, and claim administration.

7. Direct Action Joinder: Defendants Progressive and Artisan are properly joined as direct party defendants pursuant to Wisconsin's Direct Action Statute, Wis. Stat. § 632.24, which creates direct liability against an insurer for damages caused by the negligence of its insured.

8. Venue: Venue is proper in the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims occurred within Racine County, Wisconsin, located within this judicial district.

## III. ADMINISTRATIVE BACKGROUND

9. Before filing suit, Plaintiff made the following good-faith efforts to resolve this dispute through administrative channels. Plaintiff's claims under 42 U.S.C. § 1981 carry no administrative-exhaustion requirement (unlike Title VII of the Civil Rights Act of 1964). The following is pleaded as background, not as a jurisdictional prerequisite:

> a. Wisconsin Office of the Commissioner of Insurance (OCI): On or about March 13, 2026, Plaintiff submitted a formal regulatory complaint regarding the handling of Claim No. 26-471-500-732 (OCI Case #408364). On May 7, 2026, Brian Wilson, Insurance Examiner, Consumer Affairs, denied the complaint, stating: "we are unable to resolve your complaint in the manner you requested... unable to pursue the matter further... Based on the information contained in this file, our office cannot pursue this as a violation of Wisconsin insurance laws." (Email from SBSWisconsin@naic.org; Exhibit E.) Plaintiff's state administrative remedy was thus exhausted without relief.
>
> b. Equal Employment Opportunity Commission (EEOC): Plaintiff submitted an online inquiry (Inquiry No. 470-2026-03093). By email dated May 28, 2026, from PAM BAKER

(PAM.BAKER@eeoc.gov) of the EEOC Indianapolis District Office, Plaintiff was advised that his online inquiry did NOT constitute a charge of discrimination (it was processed as an employment-discrimination intake), that any formal Charge would have to be filed via EEOC Form 5A, and that the inquiry was closed. Plaintiff never filed the Form 5A charge, and no Notice of Right to Sue was ever issued. (Exhibit G.)

c. Wisconsin Equal Rights Division (ERD): By email dated June 22, 2026, from ERINFO@dwd.wisconsin.gov, the Wisconsin Equal Rights Division advised: "The Equal Rights Division does not handle insurance claims." (Exhibit F.)

## IV. FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

10. On January 29, 2026, at or near Washington Avenue in Racine, Wisconsin, Defendant Raymond Dean Robert operated a motor vehicle in a negligent manner, colliding directly with Plaintiff's 2022 RAM 1500 truck (VIN ending in 9509).

11. On or about January 30, 2026 — the day after the collision — at or near the location of the incident, Defendant Raymond Dean Robert observed that Plaintiff is African-American, admitted liability for the collision, and provided his insurance details to Plaintiff.

12. Defendant Robert admitted fault, and Defendants Progressive and Artisan formally accepted 100% liability for the loss under Claim No. 26-471-500-732.

13. Plaintiff's 2022 RAM 1500 was a personal transportation asset utilized by Plaintiff for daily travel and independent delivery routing (including work as an independent contractor for Veho and DoorDash). Pursuant to Wis. Stat. § 347.43, the vehicle was rendered legally inoperable from the collision date until safety mirror replacement and ADAS sensor calibration were completed.

14. On February 12, 2026, Plaintiff delivered to Defendants a formal written Proof of Loss totaling $2,506.72, consisting of: $1,806.72 in documented supplemental earned income loss (24 days × $75.28/day); $650.00 in pre-rental loss of vehicle use (13 days × $50.00/day, January 29 through February 10, 2026); and $50.00 for an out-of-pocket Hertz rental car security deposit. A true and correct copy of the Statement of Loss Letter is attached hereto as Exhibit A.

15. On February 26, 2026, following the return of the rental vehicle on February 20, 2026, Plaintiff recalculated the documented actual incurred loss at $2,431.44 — consisting of $650.00 in pre-rental loss of vehicle use (13 days × $50.00/day), $1,731.44 in documented supplemental earned income loss (23 days × $75.28/day), and a $50.00 Hertz rental car security deposit — and submitted a $2,000.00 compromise proposal to settle the loss of use and income claim. A true and correct copy of the February 26, 2026 Revised Demand email is attached hereto as Exhibit H.

16. Despite uncontested liability and verified written proof of loss, Defendants failed and refused to tender undisputed funds within thirty (30) days as mandated by Wis. Stat. § 628.46. The statutory payment deadline was March 14, 2026.

17. On March 13, 2026, Defendant Progressive, through multiline adjuster Daniel Plotner, extended a written "final offer" of $2,000.00 to fully resolve and compromise the loss of use and income claim. A true and correct copy of this offer is attached hereto as Exhibit B.

18. On April 28, 2026, Defendant Progressive confirmed the settlement terms in writing: "We agree to pay the $2,000.00 upon the completion of the attached property damage release form by you... Once we have received the signed release, the $2,000.00 payment will be issued to you directly." A true and correct copy of this agreement is attached hereto as Exhibit C.

19. On May 6, 2026, in response to Defendants' offer, Plaintiff formatted, executed, and delivered to Defendants a modified General Release (Exhibit D) that expressly reserved all claims for bodily injury and limited the scope of settlement strictly to undisputed property damage, loss of use, and diminution of value. Later that same day, Defendants refused the modified release, stating the form "cannot be amended or changed prior to returning," and thereafter failed, neglected, and refused to tender the agreed-upon consideration, thereby repudiating their settlement commitment and failing to consummate the agreement. Plaintiff signed Defendants' original release form on June 4, 2026, but never delivered it to Defendants. Defendants possess no delivered, executed release, and no valid, enforceable release bars this action.

20. Defendants failed, neglected, and refused to disburse the agreed-upon consideration, imposing pretextual barriers, administrative delay, and bad-faith scrutiny which, upon information and belief, were not applied to similarly situated non-minority claimants.

## V. CAUSES OF ACTION

### COUNT I: VIOLATION OF 42 U.S.C. § 1981
### (Intentional Race Discrimination in the Making and Enforcement of Contracts)
### (Against Defendants Progressive and Artisan)

21. Plaintiff realleges and incorporates Paragraphs 1 through 20 as if fully set forth herein.

22. Element 1 (Protected Status): Plaintiff is an African-American male citizen, placing him within the class protected against racial discrimination pursuant to 42 U.S.C. § 1981.

23. Element 2 (Intentional Discriminatory Treatment): On January 30, 2026, Defendant Raymond Dean Robert saw that Plaintiff is African-American when he admitted liability and provided his insurance details. Thereafter, Defendants Progressive and Artisan subjected Plaintiff's mathematically verified loss of use and supplemental earnings documentation to an unprecedented standard of hyper-scrutiny and dismissive hostility, characterizing legitimate

claims as an "insult," while, upon information and belief, routinely and promptly satisfying comparable claims submitted by similarly situated non-minority claimants.

24. Element 3 (Interference with Protected Contractual Rights): Section 1981 guarantees the equal right to "make, perform, modify, and terminate contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." Plaintiff engaged in contract formation and executed a formal settlement agreement of $2,000.00 with Defendants (Exhibits C and D). Defendants intentionally refused to tender the agreed consideration, directly interfering with Plaintiff's right to contract and enforce settlement covenants.

25. Element 4 ("But-For" Causation): Pursuant to the standard in Comcast Corp. v. Nat'l Ass'n of African American-Owned Media, Plaintiff alleges that but for Plaintiff's race, Defendants would have promptly executed, honored, and disbursed the $2,000.00 contractual settlement without the imposition of pretextual procedural roadblocks.

## COUNT II: VIOLATION OF 42 U.S.C. § 1981 & WIS. STAT. § 106.52
## (Systemic Discrimination via Arbitrary Claims Capping Policy)
## (Against Defendants Progressive and Artisan)

26. Plaintiff realleges and incorporates Paragraphs 1 through 25.

27. Element 1 (Existence of Facially Neutral Policy / Practice): Defendants maintain and enforce an institutional, facially neutral internal claims practice of systematically capping, devaluing, and refusing standard "loss of use" and "supplemental earnings" reimbursements for individual independent contractors who do not operate large commercial fleets.

28. Element 2 (Disproportionate Adverse Impact on Protected Minorities): Although neutral on its face, Defendants' policy falls with significant, disproportionate severity upon African-American and minority workers, who represent a disproportionately large percentage of the independent delivery, gig-economy, and individualized contracting workforce in urban areas including Racine, Kenosha, and Milwaukee.

29. Element 3 (Lack of Business Necessity): There is no legitimate, nondiscriminatory business justification for Defendants' policy. Under Wisconsin tort law, loss of use is an established, mandatory element of compensatory damages. Plaintiff provided verified, mathematical earnings records (Exhibit A). Defendants' arbitrary capping practice serves solely to artificially depress claim payouts to independent minority vehicle owners.

30. Element 4 (Available Less Discriminatory Alternative): Defendants could readily evaluate supplemental earnings and loss of use on their actual mathematical and documentary merits, rather than applying an arbitrary downward cap that systematically penalizes independent minority operators.

## COUNT III: VIOLATION OF THE WISCONSIN PUBLIC ACCOMMODATIONS ACT
## (Wis. Stat. § 106.52 — Denial of Equal Enjoyment of Insurance Services)
## (Against Defendants Progressive and Artisan)

31. Plaintiff realleges and incorporates Paragraphs 1 through 30.

32. Element 1 (Public Accommodation Entity): Under Wis. Stat. § 106.52(1)(e), an insurance enterprise providing services to the general public constitutes a place of public accommodation and service, strictly prohibited from denying, restricting, or conditioning equal service based on race or protected veteran status.

33. Element 2 (Denial of Equal Terms, Services, and Benefits): Defendants subjected Plaintiff to discriminatory treatment by withholding agreed-upon settlement funds, stalling statutory claim processing, and denying Plaintiff the equal advantages and benefits of insurance claim resolution services.

34. Element 3 (Statutory Harm & Injury): Defendants' unlawful denial of equal insurance services directly caused Plaintiff severe financial disruption, vehicle payment arrears, and credit impairment.

## COUNT IV: BREACH OF CONTRACT
## (Against Defendants Progressive and Artisan)

35. Plaintiff realleges and incorporates Paragraphs 1 through 34. This Count is pleaded in the alternative to Count VI pursuant to Federal Rule of Civil Procedure 8(d).

36. Element 1 (Valid, Enforceable Contract): On April 28, 2026, Defendants extended a written offer to pay $2,000.00 to settle Plaintiff's loss of use and income claim upon execution of a Property Damage Release (Exhibit C), establishing a valid offer supported by consideration.

37. Element 2 (Acceptance): Plaintiff accepted the offer and, on May 6, 2026, executed and delivered a property damage release (Exhibit D).

38. Element 3 (Defendants' Material Breach): Defendants breached the agreement by failing, neglecting, and refusing to disburse the agreed $2,000.00 settlement proceeds.

39. Element 4 (Resulting Damages): Plaintiff sustained direct contractual damages in the principal sum of $2,000.00, plus accrued statutory interest.

## COUNT V: STATUTORY UNTIMELY CLAIM PAYMENT (WIS. STAT. § 628.46)
## (Against Defendants Progressive and Artisan)

40. Plaintiff realleges and incorporates Paragraphs 1 through 39.

41. Element 1 (Written Notice & Proof of Loss): On February 12, 2026, Plaintiff delivered written notice and clear proof of loss totaling $2,506.72 (Exhibit A).

42. Element 2 (Absence of "Fairly Debatable" Defense): Defendants conceded 100% liability. Loss of use is compensable as a matter of law. Defendants possessed no fairly debatable basis in law or fact to withhold payment.

43. Element 3 (Expiration of 30-Day Statutory Deadline): More than thirty (30) days elapsed from receipt of written proof of loss without payment. The statutory payment deadline was March 14, 2026.

44. Element 4 (Mandatory Statutory Interest): Under Wis. Stat. § 628.46, Plaintiff is entitled to mandatory statutory interest at 7.5% per annum simple interest on the overdue amount of $2,506.72 (or, alternatively, $2,431.44) from March 14, 2026, until paid in full, with interest continuing to accrue daily.

## COUNT VI: MOTOR VEHICLE NEGLIGENCE & DIRECT ACTION (Against Defendant Raymond Dean Robert and Defendants Progressive / Artisan)

45. Plaintiff realleges and incorporates Paragraphs 1 through 44. This Count is pleaded in the alternative to Count IV pursuant to Federal Rule of Civil Procedure 8(d); Plaintiff seeks recovery under one alternative or the other, not both.

46. Element 1 (Duty of Care): Defendant Robert owed a duty of reasonable care to all motorists to operate his vehicle safely, maintain proper control, and adhere to traffic laws.

47. Element 2 (Breach of Duty): On January 29, 2026, Defendant Robert breached that duty by negligently colliding with Plaintiff's vehicle.

48. Element 3 (Causation): Defendant Robert's negligence was the sole and proximate cause of physical damage, loss of vehicle use, and lost supplemental income.

49. Element 4 (Damages & Direct Action Liability): Plaintiff suffered actual compensatory damages totaling $2,506.72 as documented in the initial Proof of Loss (or, in the alternative, $2,431.44 as mitigated). Pursuant to Wis. Stat. § 632.24, Defendants Progressive and Artisan are directly liable for the full measure of damages.

## VI. ITEMIZED SCHEDULE OF DAMAGES

Pleaded in the alternative pursuant to Federal Rule of Civil Procedure 8(d). Plaintiff seeks recovery under Alternative A or Alternative B, not both.

**Alternative A — Actual Compensatory Damages (Negligence)**

Legal Authority: Wis. Tort Law (Count VI)

Description: Documented loss of supplemental earned income, pre-rental loss of vehicle use, and out-of-pocket expenses.

**Amount: $2,506.72**

**Alternative B — Breach of Settlement Contract (IN THE ALTERNATIVE to A)**

Legal Authority: Wis. Contract Law (Count IV)

Description: Agreed settlement consideration under agreement of April 28 / May 6, 2026.

**Amount: $2,000.00**

**Statutory Interest (Wis. Stat. § 628.46)**

Legal Authority: Count V

Description: Mandatory 7.5% simple annual interest on overdue principal from March 14, 2026 until paid.

**Amount: Statutory accrual**

**Civil Rights Compensatory Damages (42 U.S.C. § 1981)**

Legal Authority: Count I

Description: Compensation for intentional racial discrimination in contract enforcement, emotional distress, and commercial disruption.

**Amount: $25,000.00**

**Statutory Damages & Penalties (42 U.S.C. § 1981 & Wis. Stat. § 106.52)**

Legal Authority: Count II & Count III

Description: Discriminatory claims practices and denial of equal public accommodation services.

**Amount: $10,000.00**

**Punitive Damages (42 U.S.C. § 1981 & Wis. Stat. § 895.043)**

Legal Authority: Counts I, II, III

Description: Intentional disregard of Plaintiff's rights and bad-faith claim administration.

**Amount: $50,000.00**

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff IRENN H. JOHNSON respectfully requests that judgment be entered in his favor and against Defendants PROGRESSIVE CASUALTY INSURANCE COMPANY, ARTISAN AND TRUCKERS CASUALTY COMPANY, and RAYMOND DEAN ROBERT, jointly and severally:

- Awarding Plaintiff actual compensatory damages in the amount of $2,506.72 (Count VI — negligence);
- In the alternative pursuant to FRCP 8(d), awarding judgment for breach of contract in the amount of $2,000.00 (Count IV);
- Awarding mandatory statutory interest pursuant to Wis. Stat. § 628.46 at 7.5% per annum simple interest from March 14, 2026 until paid in full;
- Awarding compensatory civil rights damages for intentional race discrimination under 42 U.S.C. § 1981 in the amount of $25,000.00;
- Awarding statutory damages and penalties for systemic policy and public accommodation violations under 42 U.S.C. § 1981 and Wis. Stat. § 106.52 in the amount of $10,000.00;
- Awarding punitive damages pursuant to 42 U.S.C. § 1981 and Wis. Stat. § 895.043 in the amount of $50,000.00;
- Awarding Plaintiff his costs and disbursements incurred in this action; and
- Granting such other and further relief as this Court deems just, equitable, and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable as a matter of right pursuant to Federal Rule of Civil Procedure 38(b).

Dated: September 24, 2026

Respectfully submitted,

*/s/ Irenn H. Johnson*

IRENN H. JOHNSON, Plaintiff Pro Se

1000 Grove Avenue

Racine, Wisconsin 53405

Telephone: (262) 705-0630

Email: irenn.johnson@gmail.com